**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Farmers Insurance Company of Arizona; Farmers Insurance Exchange; Farmers Insurance of Columbus Incorporated; Farmers Texas County Mutual Insurance Company; Farmers Insurance Company of Washington; Mid-Century Insurance Company; Truck Insurance Exchange; Illinois Farmers Insurance Company; Foremost Insurance Company Grand Rapids Michigan; Foremost Property and Casualty Insurance Company; 21st Century Centennial Insurance Company; and 21st Century North America Insurance Company,<br><br>    Plaintiffs,<br><br>v.<br><br>DNS Auto Glass Shop LLC; Excellent Auto Glass LLC; Auto Glass Holdings LLC; Right At Home Glass LLC; Auto Glass Shop LLC; Glass Replacements LLC; Jeff Searles; Unknown Searles; Mark Feuer; Unknown Feuer; Scott Taylor; Unknown Taylor; and Unknown Parties,<br><br>    Defendants. | No. CV-21-01390-PHX-DGC<br><br>**ORDER** |

Plaintiffs assert various claims against Defendants arising out of Defendants' alleged submission of fraudulent insurance claims. Doc. 1. Defendants have filed motions under Rule 12(b)(6) to dismiss the "alter ego" count of Plaintiffs' complaint. Docs. 23, 24. Defendants filed two motions seeking dismissal of the count, but the motions appear to be

substantively identical and Plaintiffs' brief addressed only the second. *Compare* Docs. 23, 24; *see also* Doc. 27, 32.[1] The Court will treat the two motions together and the issues as fully briefed. Oral argument will not aid the Court's decision. LRCiv 7.2(f). For reasons stated below, the Court will deny Defendants' motions.

**I.      Background.**

Plaintiffs sue Defendants DNS Auto Glass Shop LLC, Excellent Auto Glass LLC, Right At Home Glass LLC, Auto Glass Shop LLC, and Glass Replacements LLC (the "Business Entity Defendants"); Defendant Auto Glass Holdings LLC (the "Holding Company Defendant"); and Jeff Searles, Mark Feuer, and Scott Taylor (the "Individual Defendants"). Plaintiffs allege that the Business Entity Defendants are held by the Holding Company Defendant and that each in turn is owned by the Individual Defendants. Doc. 1 at ¶¶ 28-33. The Business Entity Defendants are engaged in the auto glass repair and replacement business and Plaintiffs provide insurance coverage for such services. *Id.* ¶¶ 28-34.

Plaintiffs allege that the Business Entity Defendants have ties to both Florida, where billing rates for auto glass repair and replacement are relatively high, and Arizona, where the rates tend to be low. *Id.* ¶¶ 28-33, 36. Plaintiffs allege that, under the direction and control of the Individual Defendants, the Business Entity Defendants submitted fraudulent insurance claims that included only Florida addresses and phone numbers, indicated that the work was performed "INSHOP," and charged Florida billing rates, when in fact the work was performed in Arizona. *Id.* ¶¶ 37-39. Plaintiffs allege that they were misled into overpaying Defendants by $1,705,893.74. *Id.* ¶¶ 43-44. Plaintiffs identify at least 2,910 fraudulent claims submitted by Defendants and allege that they continue to receive such claims. *Id.* ¶¶ 41-42. Defendants admit the relevant work was performed in Arizona, but deny that they represented it was performed in Florida or were overpaid by Plaintiffs. Doc. 28 at 6, 9. Defendants assert counterclaims alleging that Plaintiffs have underpaid them a total of $408,637.01. Doc. 28 at 17.

---

[1] It appears the only difference between the two motions is the addition of a certification of conferral at the end of the second motion. *See* Doc. 24 at 11.

1    Plaintiffs assert claims under the federal Racketeer Influenced and Corrupt Organizations Act ("RICO") pursuant to 18 U.S.C. §§ 1964(c) and 1962(c) (Count I), § 1962(a) (Count II), and § 1962(d) (Count III). *Id.* ¶¶ 47-81. Plaintiffs also bring claims for fraud (Count IV), unjust enrichment (Count V), civil conspiracy (Count VI), and alter ego (Count VII). *Id.* ¶¶ 82-117.[2]

## II.  Defendants' Motion to Dismiss.

Defendants move to dismiss Count VII, which asks the Court to pierce the corporate veil and hold the Individual and Holding Company Defendants liable for the actions of the Business Entity Defendants. *See* Docs. 24 at 1, 1 ¶ 117. Defendants deny Plaintiffs' other allegations, but concede that Counts I-VI state plausible claims for relief. Doc. 32 at 3 n.1.

Defendants argue that dismissal of Count VII is required because no standalone cause of action exists in Arizona for alter ego or piercing the corporate veil, and, even if it did, Plaintiffs' complaint does not state a plausible claim for alter-ego relief. Doc. 24 at 1.

### A.  Alter Ego is a Derivative Cause of Action in Arizona.

Defendants argue that because Arizona law does not recognize an independent cause of action for alter ego, Plaintiffs' Count VII lacks a cognizable legal theory and must be dismissed. Doc. 24 at 5. Plaintiffs agree that there is no independent cause of action for alter ego under Arizona law, but maintain that it remains a theory through which they can hold the Individual and Holding Company Defendants liable for the actions of the Business Entity Defendants. Doc. 27 at 5. Plaintiffs also argue that an alter-ego theory of liability is properly stated in a complaint, regardless of whether it is pled within the claims it is tied to or as a separate count, noting that vicarious liability – itself not a standalone cause of action – is routinely pled as a separate count. *Id.* at 4-5.

The Arizona Supreme Court recently clarified that alter ego is not a standalone claim, but rather a derivative claim tied to some other substantive cause of action. *Specialty Cos. Grp., LLC v. Meritage Homes of Ariz., Inc.*, 492 P.3d 308, 310 (Ariz. 2021). This

---

[2] While Plaintiffs use the term "piercing the corporate veil" in their complaint, the theory they assert is more commonly called "alter ego" in Arizona caselaw, which governs the claim.

- 3 -

accords with at least a decade of caselaw in this District acknowledging the derivative nature of alter ego. *See*, *e.g.*, *Pimal Prop., Inc. v. Capital Ins. Grp., Inc.*, No. CV11-02323-PHX-DGC, 2012 WL 608392, at *2 (D. Ariz. Feb. 27, 2012) ("[T]he alter ego . . . allegation[ is a] form[] of derivative liability arising from the underlying substantive causes of action[.]"); *Five Points Hotel P'ship v. Pinsonneault*, No. CV-11-00548-PHX-JAT, 2014 WL 1713623, at *5 (D. Ariz. May 1, 2014) ("[T]he Court concludes that Arizona law does not recognize alter ego as an independent cause of action[.]"); *Piaquadio v. Am. Legal Funding, Inc.*, No. CV-15-00579-PHX-GMS, 2016 WL 393638, at *3 (D. Ariz. Feb. 2, 2016) (same).

But Defendants have not cited, and the Court has not found, any case suggesting that alter ego cannot be pled as a separate count. Where courts have dismissed alter-ego counts because of the derivative nature of the theory, it typically has been where plaintiffs assert only an alter-ego claim without any related substantive claim. *See*, *e.g.*, *Five Points Hotel P'ship*, 2014 WL 1713623, at *4-5 (dismissing alter ego claim where it was the only claim brought by plaintiff and sought associated damages); *Piaquadio*, 2016 WL 393638, at *1, *3 (same). Where plaintiffs have brought substantive claims upon which to base alter-ego liability, courts have allowed alter ego to be pled as a separate count. *See*, *e.g.*, *Airbus DS Optronics GmbH v. Nivisys LLC*, 183 F. Supp. 3d 986, 990 (D. Ariz. 2016) (denying "overly formulistic" request to dismiss alter ego claim because it was stated as standalone count); *Jes Solar Co. v. Matinee Energy, Inc.*, No. CV 12-626 TUC DCB, 2015 WL 10943562, at *6 (D. Ariz. Nov. 2, 2015) (same, noting that stating alter ego as a separate count "is merely a pleading mechanism to highlight Plaintiffs' intention to proceed on these theories of liability in respect to the substantive claims").

Plaintiffs' complaint includes substantive claims which render alter ego an available theory for holding the Individual and Holding Company Defendants derivatively liable. Counts I-VI each requests specific damages, but Count VII does not request damages based on alter ego alone. *Compare* Doc. 1 ¶ 117 *with* ¶¶ 60, 71, 81, 92-93, 107-08. The Court will deem Count VII as a request to pierce the corporate veil as a theory of liability rather

than an independent cause of action, and will not dismiss the count merely because it is pled separately.

### B. Plaintiffs Plausibly Pled Alter Ego.

To prevail on an alter-ego theory, Plaintiffs must show (1) unity of control (the formalities prong) and (2) that maintaining the corporate form would promote injustice (the fairness prong). *See Specialty Cos.*, 492 P.3d at 310; *All Custom Exteriors, Inc. v. Bilyea*, No. 1 CA-CV 10-0702, 2011 WL 5964528, at *4-6 (Ariz. Ct. App. Nov. 29, 2011). Courts consider a wide variety of indicia when considering the formalities prong, including failing to maintain corporate formalities such as keeping minutes or holding meetings or votes; undercapitalization; commingling of corporate and personal funds or diverting corporate property for personal use; plaintiff's knowledge of a separate corporate existence; stock ownership, common officers or directors; and financing or payment of salaries or other expenses. *See Gatecliff v. Great Republic Life Ins. Co.*, 821 P.2d 725, 728 (Ariz. 1991).

Defendants argue that Plaintiffs fail to allege sufficient facts to support an alter-ego theory of liability. Doc. 24 at 5-6. They focus on the allegations in paragraphs 110 through 116 of Plaintiffs' complaint, which state, respectively, that the Business Entity Defendants were mere instrumentalities of the Individual and Holding Company Defendants, did not observe corporate formalities, used funds solely for the benefit of the dominant members, did not have functioning officers or directors, maintained little to no corporate records, and were mere facades for the individual dealings of the dominant members. Doc. 1 ¶ 110-16. These allegations, Defendants argue, are merely "bald and formulaic recitations of the elements of alter ego." *Id.* at 6. Defendants argue that these allegations are not supported by any substantive factual allegations and should be dismissed. *Id.* at 9.

Plaintiffs admit that the paragraphs Defendants rely on "do little more than list the relevant factors in determining whether to pierce a corporate veil." Doc. 27 at 6. But they note that these six paragraphs are not the only relevant allegations in the complaint, which also includes allegations that all Defendants are tied together by common ownership and management, that the Business Entity Defendants' funds were used solely for the benefit

of the Individual Defendants, that the Individual Defendants directed the fraudulent scheme alleged in the complaint, and that the Business Entity Defendants were formed to perpetrate the fraud and used the resulting funds to operate. *Id.* at 2-3. Plaintiffs argue that these allegations also support several reasonable inferences, including that the Business Entity Defendants were created, organized, and operated to obfuscate their interrelatedness and misconduct, that Defendants acted as an integrated system to perpetrate fraud, that corporate formalities were not observed, that the absence of legitimate cash flow rendered the Business Entity Defendants undercapitalized, and that observing the corporate form would promote injustice. *Id.* at 7.

The Court finds Plaintiffs' alter-ego allegations sufficient to withstand a motion to dismiss. The Court is mindful that many of the factors relevant to piercing the corporate veil are matters of internal corporate operation not typically known to the outside world or to parties adversely affected by alleged corporate misconduct. *Airbus DS*, 183 F. Supp. 3d at 992 (finding plausible alter-ego theory where the pleaded facts established that parent corporation had significant financial and management control over subsidiaries, and used them to accomplish the actions giving rise to suit); *Haller v. Advanced Indus. Comput. Inc.*, No. CV-13-02398-PHX-DGC, 2014 WL 4053445, at *3 (D. Ariz. Aug. 15, 2014) (finding cognizable alter-ego theory where plaintiff pled total ownership of subsidiary by parent, common officers, parent's substantial control of subsidiary's business, and common president's involvement in the actions giving rise to suit). "Whether Plaintiffs can adduce sufficient evidence to support their alter ego claim must be addressed at summary judgment and, if necessary, trial, but the Court concludes that they have pled sufficient facts to move beyond the pleading stage." *Id*.

**IT IS ORDERED** that Defendants' motions to dismiss (Docs. 23, 24) are **denied**.

Dated this 22nd day of March, 2022.

*David G. Campbell*

David G. Campbell
Senior United States District Judge