**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Farmers Insurance Company of Arizona, et al., <br><br>Plaintiffs, <br><br>v. <br><br>DNS Auto Glass Shop LLC, et al., <br><br>Defendants. | No. CV-21-01390-PHX-DGC <br><br>**ORDER** |

Plaintiffs assert a variety of claims against Defendants for submission of allegedly misleading insurance claims. Doc. 1. Defendants counterclaim for breach of contract and similar claims. Doc. 28. Both parties moved for summary judgment (Docs. 158, 160), and the Court granted in part and denied in part each motion (Doc. 182). Plaintiffs have filed a motion for clarification asking the Court to clarify what evidence Defendants may use at trial in support of their counterclaims. Doc. 187. The Court will grant the motion and provide some clarification.

**I.    Background.**

In connection with their summary judgment motion, Plaintiffs moved to exclude the testimony of Defendants' expert Gary Hart. Doc. 158. Mr. Hart was expected to testify about prevailing competitive prices for automotive glass repair and replacement services. Plaintiffs moved for partial summary judgment on Defendants' counterclaims, arguing that Defendants could not show they had been invoicing Plaintiffs at fair and reasonable rates

without the testimony of Mr. Hart. *Id.* The Court granted Plaintiffs' motion to exclude Mr. Hart's testimony, but denied Plaintiffs' motion for partial summary judgment because Defendants had other evidence to support their counterclaims. Doc. 182.

The Court found Defendants could use three additional kinds of evidence to show they had been invoicing Plaintiffs at fair and reasonable rates:

- Deposition testimony from Bristol West employee Timothy Cerar that Defendants invoiced Bristol West, an alleged Plaintiff subsidiary, at a rate of National Auto Glass Specifications ("NAGS") plus 20 percent;
- Testimony of CEO Jeff Searles, as reflected in his declaration, that Defendants routinely received payments from other insurance companies that were higher than Plaintiffs paid; and
- Testimony from Plaintiffs' employees Teresa Bedell and Michaela Rush, as reflected in their depositions, that unrelated claims that are sent through the appraisal process are generally paid at a higher rate than Plaintiffs offered.

Docs. 171 at 11-12, 182 at 17.

Plaintiffs dispute that Defendants can rely on this evidence in support of their fair and reasonable pricing theory, arguing that statements made by Defendants' counsel during discovery disputes precludes such use. Doc. 187 at 3. In the alternative, Plaintiffs request that they be allowed to conduct limited discovery into what unrelated insurance companies paid Defendants for windshield repair and replacement. *Id.* at 9.

**II.  Discussion.**

Plaintiffs note that they served requests for production of invoices and work orders for claims paid by other insurance companies on ten unrelated claims. Doc. 187 at 3-4. Defendants disputed the relevancy of this request, and Plaintiffs' counsel argued in an email to defense counsel that "the amounts paid to Defendants by other insurers is directly relevant to the fair and reasonable price of the work." Doc. 187-2 at 2. Defense counsel disagreed:

> While the "fair and reasonable market rate" is at issue in our counterclaims, that does NOT give Farmers the right to discover the Glass Companies' internal records on unrelated claims. The fair and reasonable market rate is

>the subject of expert testimony and will be set by market-wide factors, not 10 wholly unrelated claims.

*Id.* at 1.

Plaintiffs assert that they relied on this assurance that amounts paid by other insurance companies would not be used to show fair and reasonable market rates in this case, and that Defendants instead would rely on expert testimony and market-wide factors, and therefore did not press for discovery of payments from other insurers. Defendants argue that their email was not so broad – that it concerned only the specific discovery dispute at issue (requests regarding 10 insurance companies identified for other purposes in discovery), and that Defendants did not exclude evidence related to payments from other insurance companies as proof of fair rates in this case. Doc. 189 at 4. But the email clearly states that Defendants would establish reasonable pricing through expert testimony and evidence related to market-wide factors. Docs. 187-2 at 1, 190 at 5.

Defendants made their position even clearer in an April 27, 2023 discovery hearing with the Court. Plaintiffs raised concerns that Defendants would use payments made to them by Bristol West as evidence of fair and reasonable pricing at trial. Court's LiveNote Transcript at 20:4-9. If Defendants were going to introduce the evidence for this purpose, Plaintiffs asked that they be allowed to pursue discovery on what other insurance companies paid Defendants. *Id.* at 20:1-10.

Defense counsel responded that they were not going to use payments from other insurance companies to prove fair and reasonable rates at trial. Rather, he argued, "we both have our own experts that are testifying regarding what the fair and reasonable market price is[.]" *Id.* at 24:23-24. Defense counsel said Defendants would assert that the price agreed to by Bristol West was the price Plaintiffs agreed to and were obligated to pay (alleging that Bristol West is a corporation related to Plaintiffs), but "I don't think that allows for Farmers to say well we want to see whatever payment was made by any insurance company to you guys[.]" *Id.* at 25:7-9. The Court then had this exchange with defense counsel to make sure Defendants' position was clear:

>**The Court**: Let me ask you this – I think I understand what you said.  Would you – would you agree to a jury instruction[,] I am asking this to test what your argument really is, would you agree to a jury instruction that said *the jury may not consider prices paid by Bristol West as evidence of what the fair and reasonable market price of the repairs was generally*?
>
>**Defendant's Attorney**: Yes.
>
>**The Court**: But may only consider Bristol West evidence as an agreement by Farmers to pay the price if they find Bristol West was in fact a related entity to Farmers.
>
>**Defendant's Attorney**: That's correct, Your Honor.  That's exactly what our position is.

*Id.* at 25:18-26:18 (emphasis added).

In light of this exchange, Plaintiffs' counsel agreed that discovery into what other insurance companies paid Defendants was not necessary. *Id.* at 27:7-12.  Following the hearing, the Court entered an order noting that "[t]he Bristol West evidence, including prices it paid to Defendants, will not be admitted to show the reasonable market value of the repairs in dispute in this case." Doc. 125.

In summary, it is clear that Plaintiffs elected to forego discovery of amounts paid to Defendants by other insurance companies in reliance on Defendants' assurance that they would seek to prove fair market rates only through expert testimony and the alleged Bristol West agreement, and not through amounts paid to Defendants by other insurers.  As a result, the Court erred in holding that Defendants could use payments from Bristol West or other insurers to show fair and reasonable pricing.  Consistent with their assurances in the email to Plaintiffs and during the Court hearing, Defendants are precluded from using Bristol West payment amounts or testimony from Jeff Searles about what other insurance companies paid to prove fair and reasonable market rates. *See Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 600 (9th Cir. 1996) ("Judicial estoppel . . . precludes a party from gaining an advantage by taking one position [in the judicial process], and then

seeking a second advantage by taking an incompatible position."); *United States v. Mirando*, No. 19-50384, 2021 WL 4947330 (9th Cir. Oct. 25, 2021) (same).

Defendants may use the deposition testimony of Plaintiffs' employees Teresa Bedell and Michaela Rush that appraisal resulted in higher payment amounts than Plaintiffs offered. This testimony does not rest on what other insurance companies were paying Defendants and thus is not barred by Defendants' assurances during discovery. Moreover, the Court is not persuaded by Plaintiffs' argument that the mechanics of appraisal were only investigated to explain why Plaintiffs pay higher prices for auto glass services in Florida than Arizona – parties are not restricted from using evidence obtained during discovery solely because it was initially sought for a different purpose.

**IT IS ORDERED** that Plaintiff's motion for clarification (Doc. 187) is **granted**. Defendants are precluded from using evidence of what Bristol West or other insurance companies paid to establish fair and reasonable prices.

Dated this 2nd day of May, 2024.

David G. Campbell
Senior United States District Judge